OFFICE *of the* ATTORNEY GENERAL



January 22, 2003

The Honorable Clyde Alexander
Chairman, House Committee on Transportation
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0013

Re: Assessment of costs and proper electorate for a proposal under chapter 253 of the Transportation Code that a county improve a road in a subdivision (RQ-0577-JC)

Dear Representative Alexander:

You have asked this office for an interpretation of the provisions of chapter 253 of the Transportation Code concerning county improvements of roads in a subdivision. Specifically, you ask whether chapter 253 of the Transportation Code allows a county to make improvements to the unpaved part of a road running through a subdivision "based on a vote of the residents served by that portion of the road and having the costs of the improvements assessed to only those property owners in the portion of the subdivision served by the road."[1] Based upon the statutory language and on prior opinions of this office interpreting the predecessor of chapter 253, we conclude that the answer is no: (1) the statute specifically requires a vote of the property owners in the subdivision generally, TEX. TRANSP. CODE ANN. § 253.006 (Vernon 1999); and (2) the plain language of the statute requires that costs be assessed "against the record owners of the real property of the subdivision." *Id.* § 253.003(2).

Chapter 253 of the Transportation Code, concerning improvement of subdivision roads by a county, was originally enacted by the Seventy-first Legislature as article 6702-3 of the Revised Civil Statutes. Act of May 28, 1989, 71st Leg., R.S., ch. 891, 1989 Tex. Gen. Laws 3900. That statute has twice before been the subject of attorney general opinions. *See* Tex. Att'y Gen. Op. Nos. DM-126 (1992), DM-204 (1993). In 1995, article 6702-3 was repealed and recodified, without substantive change, as chapter 253 of the Transportation Code.

Section 253.001, as you note, states that the chapter "applies only to a subdivision, *part of a subdivision,* or an access road in an unincorporated area of a county." TEX. TRANSP. CODE ANN. § 253.001 (Vernon 1999) (emphasis added). A commissioners court may, under the statute, propose to improve a road in a subdivision or an access road to a subdivision and assess the costs pro rata

---

[1]Letter from Honorable Clyde Alexander, Chairman, House Committee on Transportation, to Honorable John Cornyn, Texas Attorney General at 2 (July 12, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

against the record owners of real property in the subdivision if the court determines that such improvement "is necessary for the public health, safety, or welfare of the residents of the county." *Id.* § 253.003. Notice of a proposed improvement, and of a public hearing to consider it, must be published "at least twice in a newspaper of general circulation in the county." *Id.* § 253.004. Such a hearing must be held "on or after the 31st day after the date the commissioners court publishes the first required notice." *Id.* § 253.005. Not later than the tenth day thereafter,

> the commissioners court by certified mail shall send *to each record owner of real property in the subdivision*:
>
> > (1) a ballot on whether the commissioners court shall order the improvement and assessment; and
> >
> > (2) an addressed stamped envelope for the return of the completed ballot to the county clerk.
>
> (b) The ballot must state the maximum assessment that could be made against each property in the subdivision if a majority of the votes received favor the proposition.

*Id.* § 253.006 (emphasis added).

Ballots are to be tallied "[n]ot later than the 30th day after the date of the public hearing." *Id.* § 253.007(a). If a majority favors the improvement, "the commissioners court shall order the improvements and assess the costs of the improvements against the real property owners of the subdivision." *Id.* § 253.007(b). On the other hand, if the proposition fails, the court may neither order the improvements nor propose them again for a four-year period. *Id.* § 253.007(c). Any road improved under chapter 253 is a county road, and is to be maintained under county road standards. *Id.* § 253.011.

As you explain the situation leading to your request, certain citizens of Grayson County wish to improve an access road in their subdivision, part of which is unpaved. Those residents "who own property along the unpaved section [of the road] would like assistance from the County in paving the road." Request Letter, *supra* note 1, at 1. However, they appear to fear that, were a proposition for the improvement of the unpaved section to be presented to the property owners in the subdivision generally, "the residents in the subdivision adjacent to the paved portion would have no reason to vote for the project." *Id.* Accordingly, as you put it, "[t]he residents adjacent to the unpaved portion believe they should be allowed to vote whether they alone should bear the cost." *Id.* You therefore ask, "[d]oes Chapter 253, Transportation Code allow a county to make improvements to the unpaved part of a road running through a subdivision based on a vote of the residents served by that portion of the road and having the costs of the improvements assessed to only those property owners in the portion of the subdivision served by the road?" *Id.* at 2.

Section 253.003(2) permits the commissioners court to propose that "all or part of the costs of the improvement [be assessed] pro rata *against the record owners of the real property of the subdivision*." TEX. TRANSP. CODE ANN. § 253.003(2) (Vernon 1999) (emphasis added.). The section's intent is clear: the assessment must be against "the record owners," not some of the record owners, or only those record owners whose property is directly benefitted by the improvement. As a result, the assessment cannot be limited to only those property owners whose property is improved by the paving of the particular portion of the road.

Further, the statutory language does not permit the restriction of the electorate you suggest. Section 253.006(a) requires that a ballot be sent to "each record owner of real property in the subdivision." *Id.* § 253.006(a). If a majority of the returned ballots favor the improvement and assessment, the measure passes. *See id.* § 253.007(a).

While, as you note, the chapter generally "applies . . . to a . . . part of a subdivision," *id.* § 253.001, the specific provision related to elections requires that "*each* record holder of real property *in the subdivision*" receive a ballot. *Id.* § 253.006(a) (emphasis added). The language is straightforward: each property owner, not a select few, gets a ballot. As a result, we cannot read the statute as you suggest to allow for the improvement of a part of a road at the wishes of a part of the subdivision's electorate. To reach the result the affected property owners wish, we would have to read the provision as requiring the commissioners court to send ballots to each record owner of real property in *the affected portion of* the subdivision. We may not do so. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 867 (Tex. 1999) (court may "add words into a statutory provision only when necessary to give effect to clear legislative intent").

Accordingly, the charges must be levied against the property owners in the subdivision generally. Further, the chapter requires that any such improvement must be voted on by the record owners of real property in the subdivision generally.

## S U M M A R Y

The costs of any improvement to a road in a subdivision made under chapter 253 of the Transportation Code must be levied against the record owners of real property in the subdivision generally. Ballots for the election authorizing such an improvement must be sent to all record owners of real property in the subdivision.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

RICK GILPIN
Deputy Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee